### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TWO CANOES LLC, | Civil Action No. |
| Plaintiff, | 21-cv-19729 (SDW) (JRA) |
| v. | **OPINION** |
| ADDIAN INC., *doing business as MEDIA FULFILLMENT*, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff Two Canoes LLC ("Plaintiff") asks this Court for permission to file a motion seeking leave to serve non-party Robert Fisher with subpoenas *ad testificandum* and *duces tecum* by email, WhatsApp, and text message.  ECF Nos. 64, 67.  Defendant Addian, Inc. ("Defendant"), consents to Plaintiff's requested relief.  ECF No. 64 at 1; ECF No. 67 at 1.  The Court will treat Plaintiff's request as a motion and will decide it on the papers without oral argument.  *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b).  For the reasons discussed below, Plaintiff's request to serve Mr. Fisher by email, WhatsApp, and text message (the "Motion") is **GRANTED with modification to the relief sought**.

## II.    BACKGROUND

This action arises out of the sale of allegedly counterfeit 3M masks during the COVID-19 pandemic.  *See generally* Second Am. Compl., ECF No. 60.  Plaintiff alleges that Defendant imported and sold these counterfeit 3M masks to Aobvious Studio

LLC ("Aobvious")[1] who in turn sold the masks to Plaintiff.  *Id.* ¶¶ 31-32.  Those masks were thereafter sold to Plaintiff's customers, at least one of whom allegedly discovered that the masks were counterfeit.  *Id.* ¶ 38.  After Plaintiff raised concerns about the authenticity of the masks, Aobvious and Defendant allegedly agreed to the return of the counterfeit masks and initially agreed to replace them with authentic products.  *Id.* ¶¶ 44, 49-50.  However, Defendant ultimately replaced only a portion of the returned masks with authentic 3M products.  *Id.* ¶¶ 51-52.  Following litigation in the United States District Court for the Middle District of Georgia, Defendant allegedly agreed to fully refund the monies it owed to Plaintiff.   *Id.* ¶¶ 53-57.  Defendant never issued that refund, however.  *Id.* ¶ 58.  Through this action, Plaintiff asserts claims for breach of warranty, breach of contract, and negligent interference with prospective economic advantage against Defendant.  *Id.* ¶¶ 80-145.

Currently before this Court is Plaintiff's motion to serve a non-party, Robert Fisher, with subpoenas *ad testificandum* and *duces tecum* via alternative means, including by email, WhatsApp,[2] and text message.  ECF Nos. 64, 67.  Plaintiff avers that Mr. Fisher served as an intermediary between Defendant and its upstream suppliers and thus is likely in possession of highly relevant documents.  ECF No. 67 at 2.   According to Plaintiff, Defendant's principal, Addam Wolworth, did not maintain independent contact with upstream suppliers.  ECF No. 64 at 2.  Instead,

---

[1] Aobvious was dismissed from this action by stipulation on November 18, 2022, following the entry of a consent decree.  ECF Nos. 48, 56; *see also* Second Am. Compl. ¶ 14.  Aobvious also assigned all of its own claims against Defendant to Plaintiff who now stands in the shoes of Aobvious.  Second Am. Compl. ¶ 14, 16.

[2] WhatsApp and WeChat are mobile phone applications used to send electronic communications.  *See* ECF No. 64 at 2; ECF No. 67 at 6-7; ECF No. 67–2.

he regularly communicated via phone calls and electronic means with Mr. Fisher, who speaks Chinese and English.  *Id.*  Mr. Fisher, in turn, communicated with upstream suppliers.  *Id.*

Although Plaintiff has requested from Defendant all of Mr. Wolworth's communications with Mr. Fisher, Defendant is unable to produce those communications.  *Id.*; ECF No. 67 at 1-2.  Defendant has allegedly informed Plaintiff that Mr. Wolworth's communications with Mr. Fisher occurred primarily via texting applications (WhatsApp and WeChat) on mobile devices and that those messages are no longer recoverable by Mr. Wolworth.  ECF No. 64 at 2; ECF No. 67 at 1-2. Defendant also has allegedly represented to Plaintiff that, in 2020 and again in 2022, Mr. Wolworth received new cell phones and did not transfer or otherwise preserve any communications with Mr. Fisher.  ECF No. 64 at 2; ECF No. 67 at 1-2.

Unable to discover this correspondence from Defendant, Plaintiff now asks the Court for leave to file a motion to serve Mr. Fisher with subpoenas *ad testificandum* and *duces tecum* by email, WhatsApp, and text message.  ECF Nos. 64, 67.  Plaintiff believes that communications between Mr. Fisher and Mr. Wolworth may shed light on, among other things, "the counterfeit nature of the masks at issue, any knowledge Addian may have had concerning the counterfeit nature of the masks, due diligence Addian may have undertaken to ensure the masks were genuine 3M product, payments (if any) made by Addian and any refund . . . Addian may have made or received from its suppliers for all of the returned masks."  ECF No. 64 at 2.

Per the parties' email correspondence, Defendant believes that Mr. Fisher previously resided and worked in the United States, but now lives in China where he may be seeking permanent residency.  ECF No. 67 at 2; ECF No. 67–1 at 3.  Mr. Fisher's current physical address in China is unknown.  ECF No. 67 at 3.  Defense counsel represents that Mr. Wolworth never met Mr. Fisher "in person or communicated with Mr. Fisher while the latter was in the United States."  ECF No. 67–1 at 3.  According to Mr. Wolworth, Mr. Fisher "originally may have been from the Pacific Northwest" and, at one time, worked for a fiber optics company in Dunwoody, Georgia.  *Id.*  In addition, Mr. Fisher has family in Arizona—namely, an ex-spouse—and also maintained an Arizona-based telephone number.  *Id.*  Defense counsel also represented to Plaintiff's counsel that Mr. Wolworth and Mr. Fisher's most recent communication was in February 2022 through WeChat.  *Id.* at 1.

## III.   DISCUSSION

Rule 45(b)(1) of the Federal Rules of Civil Procedure provides that a subpoena must be served by "delivering a copy to the named person."  Although Rule 45(b)(2) provides that a subpoena may be served at any place within the United States, "28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country."  Fed. R. Civ. P. 45(b)(3).

Because Plaintiff seeks to serve subpoenas on an individual who could possibly be residing abroad, the Court reviews the Motion under the more strict standard set

forth in 28 U.S.C. § 1783, also known as the Walsh Act.[3]  28 U.S.C. § 1783; *Balk v. N.Y. Inst. of Tech.*, 974 F. Supp. 2d 147, 155 (E.D.N.Y. 2013).

### A.  Mr. Fisher's Citizenship or Residency

As an initial matter, the Court must determine whether Mr. Fisher is a United States national or resident residing abroad.  *See* 28 U.S.C. § 1783.  Mr. Fisher's whereabouts and citizenship are unclear.  None of the parties can say definitively whether he is a United States national or resident, or whether he is a foreign national. Although the parties believe that Mr. Fisher is currently residing in China and may be applying for residency there, the parties also believe that Mr. Fisher resided and conducted business in the United States for several years.  ECF No. 67–1.

In relevant part, Defendant states that Mr. Fisher "originally may have been from the Pacific Northwest" and may have worked in Georgia for some time.  ECF No. 67–1.  Defendant also represents that Mr. Wolworth believes Mr. Fisher had family in Arizona because Mr. Fisher's ex-spouse may live there.  *Id.*  Finally, Plaintiff alleges that Mr. Fisher has an Arizona-based phone number and represents himself as an "American engineer living in China."  ECF No. 67–1 at 3; ECF No. 71 at 3 n.2.

Because the parties allege that Mr. Fisher resided in the United States for several years and that he represents himself as an American, the Court is satisfied that it may order the issuance of subpoenas to Mr. Fisher.  However, should Mr. Fisher respond to the subpoena and provide clarity as to his citizenship or residency

---

[3] The Court notes at the outset that there is little case law involving the issuance of a Walsh Act subpoena in this District.  Accordingly, it will rely on case law from outside this District to instruct its analysis.

in the United States, the Court will allow him to move to quash the subpoena on the grounds that this Court lacks jurisdiction to compel him to respond. *See Mireskandari v. Daily Mail and Gen. Tr. PLC*, No. 12-cv-02943, 2013 WL 12114761, at *2 (C.D. Cal. Sept. 23, 2013) ("Courts, moreover, have no power to compel aliens living outside the United States to respond to a subpoena.").

> B. *Whether Mr. Fisher's Testimony and Documents are Necessary in the Interest of Justice*

Having determined that Mr. Fisher is likely a United States citizen or resident, the Court turns to the next step of the analysis. To issue a subpoena under the Walsh Act, the Court must find: (1) that the particular testimony or document production "is necessary in the interest of justice"; and (2) it is not possible to obtain the witness' testimony "in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner." 28 U.S.C. § 1783(a).

The Court first addresses the "interest of justice" prong. Under this prong, a court must consider a number of factors, including "the nature of the proceedings, the nature of the testimony or evidence sought, the convenience of the witness or the producer of the evidence, the convenience of the parties, and other facts bearing upon the reasonableness of requiring a person abroad to appear as a witness." *Estate of Ungar v. Palestinian Auth.*, 412 F. Supp. 2d 328, 333-34 (S.D.N.Y. 2006) (quoting S. REP. No. 88-1580, at 10 (1964)). "Testimony is necessary in the interest of justice if it is relevant under the standards set forth in Federal Rule of Civil Procedure 26(b), and if there is a compelling reason to issue the subpoena." *Safar v. Costco Wholesale Corp.*, No. 15-cv-469, 2016 WL 1589600, at *2 (E.D. Va. Apr. 19, 2016).

6

Plaintiff has satisfied this standard.   In essence, Defendant served as an intermediary between Plaintiff and Mr. Fisher, who, in turn, dealt directly with the upstream suppliers of the allegedly counterfeit 3M masks.  *See* ECF No. 64 at 2.  As Plaintiff aptly notes, the communications between Defendant and Mr. Fisher are likely to shed light on critical issues in this litigation, including "the counterfeit nature of the masks, any knowledge Addian may have had concerning the counterfeit nature of the masks, due diligence Addian may have undertaken to ensure the masks were genuine 3M product, payments (if any) made by Addian and any refund . . . Addian may have made or received from its suppliers for all of the returned masks." ECF No. 64 at 2.  For example, Defendant's knowledge or lack thereof of the counterfeit nature of the masks would tend to prove or disprove Plaintiff's claims for breach of an implied warranty that the masks were genuine.

Mr. Fisher's communications with Defendant are relevant to each of the claims at issue here and necessary to the interest of justice.  Thus, the first prong is satisfied.

*C. Whether Mr. Fisher's Evidence may be Obtained in any Other Manner*

Turning to the second prong, the Court must evaluate the practicality of obtaining the information through other means.  *Balk*, 974 F. Supp. 2d at 156; *Safar*, 2016 WL 1589600, at *2.  "Sheer impossibility is not required."  *Balk*, 974 F. Supp. 2d at 156 (quoting *S.E.C. v. Sandifur*, No. 05-cv-1631, 2006 WL 3692611, at *4 (W.D. Wash. Dec. 11, 2006)).

Simply put, there is *no* other way for Plaintiff to acquire the documents or information in Mr. Fisher's possession.  As Plaintiff notes—and Defendant does not

appear to dispute—Defendant's principal, Mr. Wolworth, is no longer in possession of most of his electronic communications with Mr. Fisher.  ECF No. 64 at 2; ECF No. 67 at 1-2.  Moreover, it appears that those communications are largely unrecoverable by Mr. Wolworth at this time.  *See* ECF No. 67–1 at 1.  As this Court already noted, the communications between Mr. Wolworth and Mr. Fisher are relevant to the claims at issue in this action and because those communications are now unrecoverable by Mr. Wolworth, Plaintiff's only possibility for recovering them is through this subpoena.  Accordingly, the Court finds that this is sufficient to demonstrate impracticality and, thus, this prong is satisfied.

### D. Service of the Walsh Act Subpoena

Having found that Plaintiff's application satisfies both prongs here, the Court must next assess the proper method for service.  Plaintiff asserts that its efforts to locate a physical address for Mr. Fisher have proved unsuccessful and, therefore, Plaintiff requests leave to serve the subpoenas by email, WhatsApp, and text message.  ECF No. 67 at 1.

"A subpoena issued under the Walsh Act must be served in compliance with Federal Rule of Civil Procedure 4(f)."  *Balk*, 974 F. Supp. 2d 156.  Rule 4(f) of the Federal Rules of Civil Procedure governs service of process on individuals in foreign countries and sets forth three methods to effectuate service: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention"; (2) "if there is no internationally agreed means . . . by a method that is reasonably calculated to give notice"; or (3) "by

other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3).

Here, China is a signatory to the Hague Convention, which does not apply "where the address of the person to be served with [a] document is not known." Hague Convention on Service Abroad of Judicial and Extrajudicial Documents art. 1, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163; *see also Vaswani, Inc. v. Manjunathamurthy*, No. 20-cv-20288, 2021 WL 1541071, at *3 (D.N.J. Apr. 19, 2021); *RJ Brands, LLC v. Hangdong Trading Ltd.*, No. 21-cv-04747, 2021 WL 3206813, at *3 (D.N.J. July 28, 2021).

Because there is no internationally agreed means of service applicable here, the Court may order alternative service under Rule 4(f)(3). *See Sec. & Exch. Comm'n v. Dubovoy*, No. 15-cv-6076, 2016 WL 7217607, at *2 (D.N.J. Dec. 13, 2016). It is still necessary, however, to ensure that Plaintiff's "proposed means of alternative service comports with constitutional notions of due process." *Id.* at *3 (citing *Marlabs Inc. v. Jakher*, No. 07-cv-04074, 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010)). The method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Under Rule 4(f)(3), service by email is generally permitted "where the movant has supplied the court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *Vaswani*, 2021 WL 1541071, at *2 (quoting *AMTO, LLC v.*

*Bedford Asset Mgmt., LLC*, No. 14-cv-9913, 2015 WL 3457452, at *8 (S.D.N.Y. May 29, 2015)).  Further, although not required, when making requests for alternative service under Rule 4(f)(3) it is "helpful to plaintiff's case to show some measure of difficulty in effecting service" by traditional means.  *U.S. Sec. & Exch. Comm'n v. Vuuzle Media Corp.*, No. 21-cv-1226, 2021 WL 1731947, at *2 (D.N.J. May 3, 2021) (quoting *Bravetti v. Liu*, No. 12-cv-7492, 2013 WL 6501740, at *3 (D.N.J. Dec. 11, 2013)).

Service of Mr. Fisher by traditional means—service through the Hague Convention or other personal service—is not possible here as Plaintiff has been unable to locate a physical address or residence for Mr. Fisher in the United States or China despite reasonable efforts.  ECF No. 64 at 4.  Plaintiff avers that it attempted to contact Mr. Fisher in November 2022 by phone call to a United States phone number for Mr. Fisher, by email at fisherbuys@gmail.com, and other electronic communication such as WhatsApp to discuss this action.  ECF No. 71 at 2.  Plaintiff has also run internet searches in an effort to determine Mr. Fisher's address to no avail.  *Id.*  Despite also uncovering multiple social media profiles for Mr. Fisher, these profiles have not yielded any physical addresses for Mr. Fisher.  *Id.* at 3.  As best as Plaintiff could discern, Mr. Fisher represents himself as an "American engineer living in China."  *Id.* at 3 n.2.

Plaintiff's attempts to contact Mr. Fisher by email, phone calls, and WhatsApp message have gone unanswered, though Plaintiff's counsel received a receipt

confirming that Mr. Fisher received and read the WhatsApp message.[4]   ECF No. 64 at 2, 4; ECF No. 67 at 6; ECF No. 67–2.   In addition, the email Plaintiff's counsel sent to Mr. Fisher at fisherbuys@gmail.com did not bounce back.   ECF No. 64 at 4-5; ECF No. 67 at 5.   Plaintiff notes that, despite its own unsuccessful attempts to contact Mr. Fisher, the phone number and email address through which Plaintiff seeks to serve the subpoenas on Mr. Fisher are the same phone number and email address through which Mr. Fisher routinely communicated with Mr. Wolworth concerning the allegations in the instant action.   ECF No. 64 at 4; ECF No. 67 at 5.   Mr. Fisher also previously represented to Defendant that "[t]he best way to communicate is through [W]e[C]hat, but I am happy to do email or direct phone conversations."   ECF No. 67 at 5.   In other words, Mr. Fisher has expressly represented that Plaintiff's proposed methods for service are the best ways to contact him.   Finally, the Court notes that Mr. Wolworth last communicated with Mr. Fisher in February 2022 by phone call and WeChat, and Mr. Fisher's phone number was listed in the signature block of emails he sent to Mr. Fisher.   ECF No. 67 at 3, 5; ECF No. 67–1 at 1.

The Court finds that Plaintiff's proposed methods of serving the subpoenas are reasonably calculated to apprise Mr. Fisher of this action and his obligations under the subpoenas.   From 2020 to 2022, Mr. Fisher's contact information does not appear to have changed as Mr. Wolworth was able to communicate with Mr. Fisher during that period and neither party provides any evidence to the contrary.   Indeed, it appears that Mr. Fisher read and elected not to reply to a text message sent through

---

[4] The date the WhatsApp message was sent appears to be December 28, 2022, approximately one week before Plaintiff filed its request to serve subpoenas on Mr. Fisher by alternative means.   ECF No. 64.

WhatsApp as recently as late December 2022.   ECF No. 67–2.   Perhaps most importantly, Mr. Fisher has also represented in the past that the best ways to contact him are through WeChat, email, and phone calls—methods which overlap with Plaintiff's proposed methods of service.   *See* ECF No. 67 at 4 n.3, 5.

E. *Mr. Fisher's Travel Costs*

As a final note, subpoenas issued under the Walsh Act must "designate the time and place for the appearance or for the production of the document or other thing." 28 U.S.C. § 1783(b).   Also, "[t]he person serving the subpoena shall tender to the person to whom the subpoena is addressed his estimated necessary travel and attendance expenses, the amount of which shall be determined by the court and stated in the order directing the issuance of the subpoena." *Id.*   Plaintiff's application does not state whether Plaintiff seeks a virtual or in-person deposition of Mr. Fisher nor does it provide an estimate for the cost of Mr. Fisher's attendance for same. Plaintiff's counsel shall provide this information to the Court and submit a corresponding estimate within five (5) business days of learning Mr. Fisher's location. *See Balk*, 974 F. Supp. 2d at 161-62.

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to serve subpoenas *ad testificandum* and *duces tecum* on Mr. Fisher by alternative means.   However, in addition to serving the subpoenas by email, WhatsApp, and traditional text message, Plaintiff is also directed to serve the subpoena by WeChat. Separately, as already noted, Mr. Fisher may move to quash the subpoena or for other relief if he clarifies his citizenship or residency and is not subject to the Walsh Act.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion is **GRANTED with modification to the relief sought**.  An appropriate Order shall accompany this Opinion.


HON. JOSÉ R. ALMONTE
United States Magistrate Judge

Dated: April 21, 2023

13