<u>NOT FOR PULICATION</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

TWO CANOES LLC,

               Plaintiff,

      v.

ADDIAN INC.,

               Defendant.

Civil Action No. 21-19729 (SDW) (JRA)

**ORDER**

July 19, 2024

**WIGENTON**, District Judge.

     Before this Court is the Report and Recommendation ("R&R") entered on April 30, 2024, by Magistrate Judge José R. Almonte ("Judge Almonte"), (D.E. 95), recommending that Plaintiff's motion seeking sanctions for spoliated evidence, pursuant to Rule 37(e)(2) of the Federal Rules of Civil Procedure, be granted in part and denied in part. This Court has reviewed the reasons set forth by Judge Almonte in the R&R and is also in receipt of the parties' objections to the R&R.

     Rule 37(e) provides that sanctions may be imposed if this Court determines that electronically stored information ("ESI") was irreparably lost due to the unreasonable conduct of a litigant. *See* Fed. R. Civ. P. 37. This Court agrees with the conclusions reached by Judge Almonte. On this record, there is no clear understanding as to the amount of ESI that may have been stored and subsequently lost on the communication platform at issue, WeChat. Defendant's principal, Addam Wolworth, testified that he communicated with Robert Fisher, a potential witness, primarily via live phone calls and the pair only communicated via WeChat "a couple of times." Wolworth explained that several of his phones broke or were irreparably damaged and the

data therein did not transfer to the new devices and was not backed up to the cloud storage space.

Defendant hired a professional discovery vendor to recover the lost data, but their attempts were

unsuccessful.  Further, Wolworth testified that his phone was damaged, and data was lost in

September 2020, prior to the filing of this case in November 2021 and prior to the November 2020

filing of the 3M lawsuit that inspired this suit. While these assertions may or may not be

sustainable, they can be challenged at trial.  Judge Almonte correctly found that ESI was lost and

properly deferred ruling on prejudice until trial where it would become clearer to what extent

Plaintiff would be prejudiced by the lost data and whether any prejudice can be cured by an adverse

inference charge given at the end of the trial.  Based on the foregoing, and for good cause shown,

it is hereby

       **ORDERED** that the R&R of Judge Almonte, (D.E. 95), is **ADOPTED** as the conclusion

of law of this Court and Plaintiff's motion is hereby **GRANTED in part and DENIED in part.**

       **SO ORDERED.**


               ___/s/ Susan D. Wigenton_____
               **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
        José R. Almonte, U.S.M.J.